**BERTRAM, et al v. STATE ROAD DEPARTMENT, et al.**
**No. 58C 1428.**

Circuit Court, Dade County.
May 2, 1958.

44

Pruitt & Pruitt, Miami, for plaintiffs.

Bryan W. Henry, Tallahassee, and McCune, Hiaasen, Kelley & Crum, Fort Lauderdale, for defendants.

VINCENT C. GIBLIN, Circuit Judge.

The defendant contractors, pursuant to a contract between them and the defendant Road Department, are constructing a bridge across the Intracoastal Waterway in this county. The bridge is a portion of the causeway, the construction of which is in progress, across Biscayne Bay from Thirty-sixth Street in Miami to Forty-first street in Miami Beach. The location and the plans for the bridge have been approved by the Chief of Engineers and the Secretary of the Army. See U.S.C. 525.

The plaintiffs allege that they are "taxpayers of the state and nation" and are "directly or indirectly connected and involved with the marine industry of Florida and the nation and are financially and otherwise vitally interested in the navigable waterways of the State of Florida and the United States of America." They seek the entry of a decree by which the construction of the bridge, in accordance with the approved plans, shall be enjoined, because, they allege, the bridge will have "only a 55-foot vertical clearance," and "would constitute a permanent obstruction to navigation on the Intracoastal Waterway," a navigable stream.

It is my view that to accord such injunctive relief would be a judicial trespass and an unauthorized and unwarranted substitution of my judgment for that of the federal authorities to whom Congress has delegated the power to decide the question which I am asked to determine. If the plaintiffs were aggrieved by the approval of the plans by the Chief of Engineers and the Secretary of the Army, they could have sought a judicial review under the applicable and governing federal statutes. The plaintiffs, however, have not invoked such statutory remedy, but have sought relief in this court.

While the defendants have based their motion to dismiss the plaintiffs' complaint on several grounds, the suit is dismissed, at

the plaintiffs' cost, for the reason stated (without deciding any other question presented by the motion).